## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## BALTIMORE DIVISION

| | | |
|---|---|---|
| **UNDER ARMOUR, INC.** | ) | |
| 1020 Hull Street | ) | |
| Baltimore, Maryland 21230, | ) | CIVIL ACTION NO. |
| | ) | 15-cv-95 |
| Plaintiff, | ) | |
| | ) | **JURY TRIAL** |
| v. | ) | **DEMANDED** |
| | ) | |
| **SALT ARMOUR, INC.** | ) | |
| 21526 Sweetwater Lane S | ) | |
| Boca Raton, Florida 33428, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff, Under Armour, Inc. ("Under Armour"), alleges as follows, upon actual

knowledge with respect to itself and its own acts, and upon information and belief as to all other

matters:

## NATURE OF THE ACTION

1.      This is a civil action for trademark infringement, trademark dilution, unfair

competition, and cybersquatting under the Lanham Act, 15 U.S.C. § 1051, *et seq.* and/or

Maryland statutory and common law.  Under Armour seeks equitable and monetary relief from

Defendant's willful violations of Under Armour's trademark rights in its famous UNDER

ARMOUR mark and other ARMOUR-formative marks (the "ARMOUR Marks").

2.      Defendant has been offering for sale, selling, and promoting clothing, accessories,

sporting goods, fishing and tactical gear, and related products under the SALT ARMOUR and

DEFENSE ARMOUR names and marks in violation of Under Armour's trademark rights.  As a

result of Defendant's use of SALT ARMOUR and DEFENSE ARMOUR in connection with its

products, activities, and promotions, consumers are likely to believe Defendant and/or its

products are made, approved, or licensed by Under Armour.

## PARTIES

3.      Plaintiff Under Armour is a Maryland corporation with a principal place of

business at 1020 Hull Street, Baltimore, Maryland 21230.

4.      Defendant Salt Armour, Inc. is a Florida corporation with a principal place of

business at 21526 Sweetwater Lane S, Boca Raton, Florida 33428.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the subject matter of this action pursuant to 15

U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b).  Because Under Armour is a citizen of

the State of Maryland, Defendant is a citizen of the State of Florida, and the matter in

controversy exceeds $75,000 exclusive of interest and costs, the Court also has jurisdiction under

28 U.S.C. § 1332.  The Court has supplemental jurisdiction over Under Armour's state-law

claims pursuant to 28 U.S.C. § 1367(a) because they are substantially related to its federal claims

and arise out of the same case or controversy.

6.      This Court has specific personal jurisdiction over Defendant because it has

purposefully availed itself of the privilege of conducting business in Maryland.  Defendant

offers, markets, and promotes its products bearing the marks that are the subject of this lawsuit

through its website and other means to consumers located in Maryland and uses those marks to

promote and advertise its products in Maryland and elsewhere.

7.      Venue lies in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a

substantial part of the events giving rise to Under Armour's claims have occurred and are

continuing to occur in this District and Under Armour's trademarks at issue are located in this District, where Under Armour maintains its principal place of business.

**UNDER ARMOUR, ITS PRODUCTS, AND ITS ARMOUR TRADEMARKS**

8.      Under Armour is one of the world's most successful, popular, and well-known providers of performance apparel, footwear, sporting goods, outdoor apparel and goods (including fishing, hunting, and tactical), and accessories.  Through Under Armour's innovative use of advanced engineering and technology, it has revolutionized the performance-product industry.  In 2014 alone, Under Armour sold more than $ 3 billion worth of products.

9.      Since at least as early as 1996, Under Armour has continuously used and promoted the UNDER ARMOUR name/mark for apparel.

10.      Over the years, Under Armour has expanded to a wide range of other products and services, including but not limited to a full line of athletic clothing, footwear, and headwear; fishing clothing, accessories, and gear; safety gear; tactical gear; workwear; hunting gear; and sports equipment.  The distinctive UNDER ARMOUR name/mark has been used and promoted across Under Armour's extensive product line.

11.      In addition to its UNDER ARMOUR name/mark, Under Armour has used and promoted the ARMOUR mark alone and numerous other ARMOUR Marks in connection with its wide range of products and services, including, for example, GAMEDAY ARMOUR, OFFSHORE ARMOUR, ARMOURBLOCK, ARMOUR STRETCH, ARMOURSTORM, ARMOUR GRABTACK, ARMOURVENT, ARMOUR FLEECE, ARMOUR SELECT, ARMOURLOFT, ARMOURGRIP, ARMOURCHILL, ARMOURSIGHT, and ARMOURSTEALTH, among others.  These ARMOUR-formative marks have been used and

promoted individually and/or together, and consumers have come to associate the ARMOUR portion of the marks with UNDER ARMOUR.

**Under Armour's Fishing, Camouflage, and Tactical Clothing and Gear**

12.     Among its products, Under Armour has for years offered a variety of apparel and accessories for fishing, including under its UNDER ARMOUR, OFFSHORE ARMOUR, and other ARMOUR Marks, e.g.:







13.     Additionally, as noted below, Under Armour sponsors and promotes the "Under Armour Fishing Team."

14.     Under Armour has also offered a variety of camouflage clothing/accessories and tactical clothing and gear under its various ARMOUR Marks, e.g.:





**Under Armour's Sales and Promotion of Its ARMOUR-Branded Products**

15.     Under Armour has sold billions of dollars-worth of products under the UNDER ARMOUR and other ARMOUR Marks.  Those products are promoted, offered, and sold nationwide through a wide variety of retail means, including but not limited to thousands of retail stores.  These retail stores include Under Armour's own Factory and Brand House retail stores, as well as national, regional, independent, and specialty retailers such as *Academy Sports & Outdoors, Bass Pro Shops, Cabela's, Foot Locker, Finish Line*, *The Sports Authority*, *Dick's Sporting Goods*, *Macy's, Dunham's, Modell's, Hibbett Sports, Nordstrom*, and *The Army and Air Force Exchange Service.*

16.     For years, Under Armour has spent tens of millions of dollars annually advertising and promoting its ARMOUR Marks and products to the general public.  Under Armour has widely and extensively promoted its ARMOUR Marks and products through virtually every available type of print and digital media, including but not limited to print publications, signage, television, and/or the Internet.

17.     With respect to publications and signage, Under Armour has advertised and promoted its ARMOUR Marks and products in a wide variety of nationally circulated magazines and newspapers.  Further, the ARMOUR Marks have been featured on billboards and other

signage in various cities, including but not limited to Baltimore, Philadelphia, and New York City's Times Square.

18.     Under Armour has advertised and promoted its ARMOUR Marks and products through television commercials, including a television commercial during the Super Bowl, product placement in popular movies, national television programs, including the *Ridge Reaper* hunting show on the Outdoor Channel, fishing shows *Into the Blue* and *Spanish Fly*, video games, and coverage of sporting events featuring its branded products, among other means.

19.     Under Armour also promotes and showcases its UNDER ARMOUR and other ARMOUR Marks and products on its own and authorized websites and social-media sites, including but not limited to www.underarmour.com, www.facebook.com/underarmour, and www.twitter.com/underarmour, among others, as well as through Under Armour's catalogs. Further, Under Armour's ARMOUR Marks and products are advertised and/or sold through many of its retailers' websites, including but not limited to the websites used by *Bass Pro Shops*, *Bloomingdales.com*, *Cabela's*, *City Sports*, *Dick's Sporting Goods*, *Eastbay*, *Eastern Mountain Sports*, *Finish Line*, *Foot Locker*, *Gilt Groupe*, *Hibbett*, *LL Bean*, *Lord & Taylor*, *Macys.com*, *MC Sports*, *Modell's*, *Nordstrom*, *Sportsman's Guide*, and *Sportsman's Warehouse*.

20.     Sponsorships, outfitting agreements, and individual athlete agreements represent another significant form of advertising and promotion by Under Armour.  Under Armour's ARMOUR Marks are promoted through high-profile athletes and teams at the youth, collegiate, professional, and Olympic levels.

21.     Since 2006, Under Armour has been an authorized supplier of footwear to the NFL and is currently also the official performance footwear supplier to the MLB and authorized supplier of gloves to the NFL.

22.     In addition to its own substantial advertising and promotional activities, Under Armour and its ARMOUR Marks and products have received and continue to receive widespread unsolicited media coverage.  Indeed, many of the athletes, teams, and sporting events sponsored by Under Armour appear on nationally broadcast television programs and in widely circulated publications, exposing tens of millions of consumers to the ARMOUR Marks.

23.     Under Armour has received numerous awards for its commercial success in connection with the development of its innovative and technologically enhanced products and its marketing and branding achievements.  In 2014, Under Armour received the prestigious "Marketer of the Year" Award from *Advertising Age* magazine.  Additionally, *Yahoo Finance* named Under Armour the 2014 "Company of the Year."

24.     As a result of its distinctive nature, and thus inherent strength; widespread advertising, publicity, promotion, and sales; and longstanding and extensive use and recognition, the UNDER ARMOUR mark has been well known and famous for years.

25.     In *Under Armour, Inc. v. Bode*, Opp. No. 91178653 (TTAB May 21, 2009), the Trademark Trial and Appeal Board of the United States Patent and Trademark Office (PTO) expressly acknowledged the fame of the UNDER ARMOUR mark.

26.     Under Armour owns, among others, the following valid and subsisting U.S. federal trademark registrations for its UNDER ARMOUR marks (printouts from the PTO database are attached as Exhibit A):

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| UNDER ARMOUR | 2279668 | 09/21/99 | Clothing, namely, t-shirts, long sleeve shirts, mock turtle necks, hats, shorts, shirts, leggings, jersey's, pants, headwear for winter and summer, under wear, tank tops (male and female), winter caps, sweat shirts/pull overs, women's bra in Class 25 |
| UNDER ARMOUR | 4225998 | 10/16/12 | Bandanas; Baseball shoes; Basketball sneakers; Beachwear; Bib overalls for hunting; Bikinis; Camouflage gloves; Camouflage jackets; Camouflage pants; Camouflage shirts; Camouflage vests; Cleats for attachment to sports shoes; Fishing shirts; Football shoes; Golf shorts; Hunting jackets; Hunting pants; Hunting shirts; Men's dress socks; Sneakers; Swimwear; Volleyball jerseys; Yoga pants; Yoga shirts in Class 25 |
| UNDER ARMOUR | 3052160 | 01/31/06 | Gloves in Class 25; Chin strap pads for use with protective helmets in Class 9; toiletry kits, sold empty in Class 18; sports bottles, sold empty in Class 21; lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys in Class 22; sports towels in Class 24; gloves in Class 25 |
| UNDER ARMOUR | 3638277 | 06/16/09 | Online retail store services featuring apparel, footwear, sporting goods, eyewear, headwear, wrist bands, sweat bands, belts, gloves, hand-warmers, plastic water bottles sold empty, watches, sports bags, tote bags, travel bags, backpacks, golf bags, messenger bags, duffel bags, shoe bags for travel, toiletry bags sold empty, wheeled bags, waist packs, sling bags, umbrellas, towels, posters; mobile retail store services featuring apparel, footwear, and sporting goods in Class 35 |
| UNDER ARMOUR | 3700135 | 10/20/09 | Clothing for athletic use, namely, padded shirts, padded pants, padded |

| Mark | Reg. No. | Reg. Date | Products/Services |
|------|----------|-----------|-------------------|
| | | | shorts, padded elbow compression sleeves in Class 25; Golf bags; bags specially adapted for sports equipment; golf gloves; batting gloves; football gloves; lacrosse gloves; mouth guards for athletic use; cases for holding athletic mouth guards; athletic equipment, namely, guards for the lips; chin pads for athletic use; knee pads for athletic use; elbow pads for athletic use; forearm pads for athletic use; shin guards for athletic use; football girdles; jock straps in Class 28 |
| UNDER ARMOUR | 4380298 | 08/06/13 | Light duty utility gloves; Reusable plastic water bottles sold empty; Reusable stainless steel water bottles sold empty; Sports bottles sold empty; Squeeze bottle sold empty; Vacuum bottles; Water bottles sold empty; Work gloves in Class 21 |
| UNDER ARMOUR | 4143498 | 05/15/12 | Lacrosse sticks; lacrosse stick heads; lacrosse stick shafts; lacrosse stick handles; lacrosse gloves; lacrosse arm guards; lacrosse shoulder pads; lacrosse elbow pads; and replacement parts for the foregoing goods in Class 28 |
|  | 3081173 | 04/18/06 | Gloves in Class 25; Toiletry kits, sold empty, in Class 18; |
|  | 3138451 | 09/05/06 | Clothing, namely, gloves and shirts in Class 25 |
|  | 3663142 | 08/04/09 | Full line of athletic clothing, headwear, footwear, gloves in Class 25 |
| UNDER ARMOUR | 3712052 | 11/17/09 | Ankle socks, athletic uniforms, baseball caps, baseball shoes, baseball uniforms, baselayer bottoms, baselayer tops, beach footwear, boxer |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| | | | briefs, boxer shorts, briefs, capri pants, children's headwear, coats, dresses, fleece pullovers, football shoes, footwear, foul weather gear, golf caps, golf shirts, golf trousers, hooded pullovers, hunting vests, jogging pants, knit shirts, men's socks, mittens, moisture-wicking sports bras, moisture-wicking sports pants, moisture-wicking sports shirts, polo shirts, rain jackets, rain trousers, rainproof jackets, rainwear, running shoes, short-sleeved or long-sleeved t-shirts, short-sleeved shirts, ski bibs, ski gloves, ski jackets, ski pants, ski wear, skorts, sleeveless jerseys, snow pants, snowboard gloves, snowboard mittens, snowboard pants, soccer boots, sport shirts, sports bras, sports jerseys, sports pants, sports shirts, sweat bands, sweat pants, tennis wear, thongs, thongs, training shoes, undershirts, unitards, visors, waterproof jackets and pants, wind pants, wind resistant jackets, wind shirts, in Class 25 |
| UNDER ARMOUR | 3642614 | 06/23/09 | Full line of athletic clothing in Class 25 |

27.     Under Armour also owns, among others, the following valid and subsisting U.S. trademark registrations for the ARMOUR mark *per se*, and other ARMOUR Marks, including for fishing clothing and safety/protective gear (printouts from the PTO database are attached as Exhibit B):

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOURED | 4443976 | 12/3/2013 | Fishing shirts; moisture-wicking sports shirts; shirts; short-sleeved shirts; t-shirts; tops in Class 25 |

| Mark | Reg. No. | Reg. Date | Products/Services |
|---|---|---|---|
| ARMOUR | 3720012 | 12/01/09 | Clothing, excluding golf clothing, namely, hooded sweat shirts, crew neck shirts, long sleeve shirts, pullover shirts, and sweat pants in Class 25 |
| ARMOUR | 3970978 | 05/31/11 | Footwear, excluding golf footwear in Class 25 |
| ARMOUR | 3766130 | 03/30/2010 | Protective athletic cups, in Class 28 |
| ARMOUR | 4133248 | 04/24/12 | Clothing, excluding golf clothing, namely, headwear, hats, caps, baseball caps, beanies and bras, in Class 25 |
| ARMOUR | 3963256 | 05/17/2011 | Knee pads for athletic use, in Class 28 |
| ARMOUR | 3392904 | 03/04/08 | Clothing, excluding golf clothing, namely, shorts, shirts, polo shirts, pants, jackets, vests and gloves in Class 25 |
| ARMOUR STRETCH | 3504324 | 09/23/08 | Jackets, pullovers, and gloves in Class 25 |
| ARMOURSTORM | 3622968 | 05/19/09 | Bib overalls, coats, gloves, jackets, mittens, pants in Class 25 |
| ARMOUR GRABTACK | 3684393 | 09/15/09 | Football gloves in Class 28 |
| ARMOURBLOCK | 3069215 | 03/14/06 | Gloves, socks, hoods, shirts, T-shirts, leggings, pants, underwear, and tank tops in Class 25 |
| GAMEDAY ARMOUR | 4094318 | 01/31/12 | Clothing, namely, shirts, t-shirts, short-sleeved shirts, shorts; clothing for athletic use, namely, padded shorts; clothing for athletic use, namely, padded shirts in Class 25 |
| MY ARMOUR | 4443975 | 12/3/2013 | Moisture-wicking sports shirts; shirts; short-sleeved shirts; t-shirts; tops in Class 25 |
| ARMOURFUSION | 3646904 | 06/30/09 | Sunglasses in Class 9 |

| Mark | Reg. No. | Reg. Date | Products/Services |
|------|----------|-----------|-------------------|
| ARMOURLOFT | 3662480 | 08/04/09 | Jackets; Vests in Class 25 |
| ARMOURCHILL | 4112397 | 03/13/12 | Clothing, namely, beanies, hats, headwear, vests in Class 25 |
| ARMOURSIGHT | 3861988 | 10/12/10 | Eyewear; sunglasses; lenses for sunglasses in Class 9 |
| ARMOURGRIP | 3880602 | 11/23/10 | Leggings; Longsleeved shirts; Moisture-wicking sports shirts; Pants; Shirts; Short-sleeved shirts; Socks; T-shirts in Class 25 |
| ARMOURFIT | 3938546 | 03/29/11 | Socks in Class 25 |
| ARMOURVENT | 4642057 | 11/18/14 | Athletic shirts; athletic shorts; baselayer bottoms; baselayer tops; bottoms; capri pants; capris; caps; compression garments for athletic or other non-medical use, namely, shirts, shorts; hats; headwear; jackets; leggings; long-sleeved shirts; shirts; short-sleeved shirts; shorts; singlets; sports shirts; t-shirts; tank tops; tank-tops; tops; track jackets; vests in Class 25 |

28.     Under Armour also owns the following valid and subsisting Maryland trademark

registrations for its famous UNDER ARMOUR mark, among others:

| Mark | Reg./ App. No. | Reg./Filing Date | Products/Services |
|------|----------------|------------------|-------------------|
| UNDER ARMOUR | 2009-0055 | 05/01/09 | Footwear, athletic footwear, clothing, namely, shirts, shorts, pants, headwear, hats, baseball hats, caps, t-shirts, long sleeve shirts, short sleeve shirts, polo shirts, sweatpants, sweatshirts, hooded sweatshirts, jerseys, turtle necks, mock turtle necks, pullovers, underwear, brassieres, headbands, wristbands, socks, athletic socks, dress socks, skirts, skorts, athletic sleeves, hoods, skull wraps, skull caps, vests, leggings, tank tops, bras, sports bras, girdles, gloves, belts, |

| | | | |
|---|---|---|---|
| | | | hand-warmers, jackets, coats, unitards, baby clothing, bib overalls, snow pants, moisture-wicking shirts, compression shirts, compression pants, compression shorts, long underwear; full line of athletic clothing; clothing for athletic use, namely, padded shirts, padded pants, padded shorts, padded elbow compression sleeves in Class 39 |
| UNDER ARMOUR | 2009-0057 | 05/01/09 | Chin straps for use with protective helmets, sports gloves, golf gloves, batting gloves, football gloves, lacrosse gloves, mouth guards for athletic use, athletic equipment, namely, guards for the lips, chin pads for athletic use, knee pads for athletic use, elbow pads for athletic use, forearm pads for athletic use, shin guards for athletic use, football girdles, protective athletic cups, jock straps, sports bottles, sold empty in Class 22 |
| UNDER ARMOUR | 2009-0059 | 05/01/09 | Bags, sport bags, travel bags, duffel bags, backpacks, sack pacs, reservoir backpacks, toiletry kits, sold empty, golf bags, bags specially adapted for sports equipment in Class 3 |
| UNDER ARMOUR | 2009-0058 | 05/01/09 | Retail, online retail, and mobile retail store services featuring apparel, footwear, sporting goods, and accessories in Class 53 |

| UNDER ARMOUR | 2009-0056 | 05/01/09 | Sunglasses, lenses for sunglasses, visors for use with helmets, watches, lanyards for holding mouthpieces, water bottles, eyeglasses, badges, or keys, magnetic coded gift cards, electronic gift cards, sports towels in Class 50 |
|---|---|---|---|
| UNDER ARMOUR | 2009-0056 | 05/1/2009 | Water bottles |

**Defendant and Its Wrongful Activities**

29.     Without Under Armour's authorization and approval, Defendant has been offering, selling, and promoting clothing (including performance clothing, fishing clothing, camouflage clothing, T-shirts, shorts, swimwear, sweatshirts, and rain gear), accessories (including hats and backpacks), wristbands, beach towels, decals, and other products under the SALT ARMOUR name and mark:



— BACK TO SALTWATER COOL FISHING GEAR | PERFORMANCE FISHING CLOTHES

## SALT ARMOUR VISOR

$24.99

When you're out in the sun, the Salt Armour visor makes an excellent sidekick. With the Salt Armour logo front and center, this visor will deliver a comfortable fit made from DRI-Fit fabric. Keep your face shaded from the sun as you embark on a full day of fishing.

PRODUCT SPECIFICATIONS:

- DRI-Fit
- SPF 40
- Stain resistant
- Embroidered logo
- Adjustable with velcro closure
- One size fits all
- SKU: 30002

Quantity:

1

← BACK TO SALTWATER COOL FISHING GEAR | PERFORMANCE FISHING CLOTHES



## WOMENS RASH GUARD: BLACK

———

$26.99

The Salt Armour womens rash guard provides a curve-hugging fit that also allows for long-wearing freshness. Flatlock stitching and a seam-free underarm design prevents chafing, while the UPF 50 shields from harmful UV rays.

**PRODUCT DESCRIPTIONS:**

- Lycra
- UPF 50
- Stain resistant
- No underarm seams
- Flatlock stitching
- SKU: 21006



## MILITARY APPRECIATION LIMITED EDITION SWEATSHIRT: BLACK

———

from $29.99

The Salt Armour hooded sweatshirt is great for outdoors because it provides warmth and insulation against the elements without bulk. This hoodie has our classic styling and construction for function and style. This hoodie features an attached hood with an adjustable drawcord closure, one front pouch pocket and a stretchable spandex-reinforced bottom band and rib-knit cuffs.

**PRODUCT DESCRIPTION:**

- 7.75-ounce, 50/50 cotton/poly; no-pill air jet yarn
- Double-needle stitching
- 1x1 athletic rib knit cuffs and waistband, with spandex
- Attached hood with adjustable drawcord closure
- Front pouch pocket



← BACK TO SALTWATER COOL FISHING GEAR | PERFORMANCE FISHING CLOTHES

## SALT ARMOUR VISOR: MOSSY OAK

$24.99

When you're out in the sun, the Salt Armour visor makes an excellent sidekick. With the Salt Armour logo front and center, this visor will deliver a comfortable fit made from DRI-Fit fabric. Keep your face shaded from the sun as you embark on a full day of fishing.

**PRODUCT SPECIFICATIONS:**

- DRI-Fit
- SPF 40
- Stain resistant
- Embroidered logo
- Adjustable with velcro closure

30.    In around January 2012, Defendant registered the domain name saltarmour.com with the GoDaddy.com, LLC domain name registrar.  Defendant has been operating a website at http://www.saltarmour.com/, where it promotes and sells its clothing, accessories, gear, and other products under the SALT ARMOUR name and mark.

31.    Without Under Armour's authorization or approval, Defendant has also been offering, selling, and promoting apparel (including performance gear, camouflage clothing, jackets, pants, shirts, and sweatshirts, among other products), footwear, accessories, and tactical gear under the DEFENSE ARMOUR name and mark:



About



Shop



Contact Us



Performance Freedom: Black
from $29.99







Civil Warrior T-Shirt: Gray
from $14.99

Civil Warrior T-Shirt: Military Green
from $14.99

Civil Warrior T-Shirt: Desert Tan
from $14.99

      32.     In around March 2014, Defendant registered the domain name

defensearmour.com with the GoDaddy.com, LLC domain name registrar.  Defendant has been

operating a website at http://www.defensearmour.com, where it promotes and sells its clothing,

accessories, tactical gear, and other products under the DEFENSE ARMOUR name and mark.

      33.     Like Under Armour, Defendant promotes its ARMOUR marks on the Internet and

specifically via social media.

34.     Additionally, like Under Armour, Defendant disseminates football-themed advertising in connection with the SALT ARMOUR name, mark, and products, e.g.:



35.     Moreover, like Under Armour, who sponsors and promotes the "Under Armour Fishing Team," Defendant promotes a "Salt Armour Fishing Team":



**Under Armour Fishing Team**





**Salt Armour Fishing Team**







36.     Defendant filed U.S. Trademark Application Serial No. 86187021 for the mark

SALT ARMOUR for "clothing, namely, shirts, caps, pants, jackets" in International Class 25 and

"salt water fishing gear, namely, fishing rods, fishing rod accessories, namely, fishing rod

holders, fishing gimbal mounts" in International Class 28 with the PTO.

37.     Defendant filed U.S. Trademark Application Serial No. 86262258 for the mark

DEFENSE ARMOUR for "clothing, namely, shirts, caps, pants, jackets" in International Class

25 with the PTO.

38.     Under Armour opposed U.S. Trademark Application Nos. 86187021 and

86262258 before the Trademark Trial and Appeal Board.  That action, titled *Under Armour, Inc.*

*v. Salt Armour, Inc.*, was assigned Opposition No. 91217656.

39.     Under Armour has repeatedly asked Defendant to stop its infringing conduct, but

Defendant refused.

40.     Fully aware of Under Armour's rights, Defendant has acted knowingly, willfully, in reckless disregard of those rights, and in bad faith.

## INJURY TO UNDER ARMOUR AND THE PUBLIC

41.     Defendant's unauthorized use of the SALT ARMOUR and DEFENSE ARMOUR marks (and its applications for those marks) are likely to cause confusion, mistake, and deception as to the source or origin of Defendant's products, and are likely to falsely suggest a sponsorship, connection, or association between Defendant, its products, and/or its commercial activities with Under Armour.

42.     Defendant's unauthorized use of the SALT ARMOUR and DEFENSE ARMOUR marks (and its applications for those marks) are likely to dilute the distinctiveness and value of Under Armour's famous UNDER ARMOUR mark.

43.     Defendant's acts, described above, have damaged and irreparably injured and, if permitted to continue, will further damage and irreparably injure Under Armour and its ARMOUR Marks.

44.     Defendant's acts, described above, have irreparably injured, and, if permitted to persist, will continue to irreparably injure the public, who has an interest in being free from confusion, mistake, and deception.

## FIRST CLAIM FOR RELIEF
### Trademark Infringement Under
### Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)

45.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 44 of this Complaint.

46.     Without Under Armour's consent, Defendant used and continues to use in commerce reproductions, copies, and colorable imitations of Under Armour's registered

22

ARMOUR Marks in connection with the offering, distribution, and advertising of goods, which is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

## SECOND CLAIM FOR RELIEF
### Trademark Infringement, False Designation
### of Origin, Passing Off, and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A)

47.    Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 46 of this Complaint.

48.    Defendant's actions, as described above, are likely to cause confusion, or to cause mistake, or to deceive as to the origin, sponsorship, or approval of Defendant, its products, and/or its commercial activities by or with Under Armour, and thus constitute trademark infringement, false designation of origin, passing off, and unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

## THIRD CLAIM FOR RELIEF
### Trademark Dilution Under Section
### 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)

49.    Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 48 of this Complaint.

50.    Under Armour's UNDER ARMOUR mark is famous, as that term is used in 15 U.S.C. § 1125(c), and was famous before Defendant's first use of the SALT ARMOUR and/or DEFENSE ARMOUR marks (or the filing dates for the trademark applications for those marks), based on, among other things, the inherent distinctiveness and federal registration of Under Armour's UNDER ARMOUR mark and the extensive nationwide use, advertising, promotion, and recognition of that mark.

51.     Defendant's actions, as described above, are likely to dilute the distinctive quality of Under Armour's famous UNDER ARMOUR mark by blurring in violation of Section 43(c) of the Lanham Act, 15 U.S.C. §1125(c), as amended by the Trademark Dilution Revision Act of 2006.

## FOURTH CLAIM FOR RELIEF
### Cybersquatting Under Section
### 43(d) of the Lanham Act, 15 U.S.C. § 1125(d)

52.     Under Armour repeats and realleges each and every allegation set forth in Paragraphs 1 through 51 of this Complaint.

53.     Defendant caused to be registered, registered, and/or used the saltarmour.com and defensearmour.com domain names with a bad-faith intent to profit from Under Armour's ARMOUR Marks.

54.     Under Armour's ARMOUR Marks were distinctive at the time Defendant caused to be registered, registered, and/or used the saltarmour.com and defensearmour.com domain names.

55.     Under Armour's UNDER ARMOUR mark was famous at the time Defendant caused to be registered, registered, and/or used the saltarmour.com and defensearmour.com domain names.

56.     The saltarmour.com and defensearmour.com domain names are confusingly similar to Under Armour's ARMOUR Marks.

57.     The saltarmour.com and defensearmour.com domain names are dilutive of Under Armour's UNDER ARMOUR mark.

58.     Defendants' actions, as described above, violate Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

**FIFTH CLAIM FOR RELIEF**
**Trademark Infringement Under**
**Md. Code Bus. Reg. § 1-414 *et seq.***

59.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 58 of this Complaint.

60.     Defendant's use, without the consent of Under Armour, of a reproduction and/or

colorable imitation of Under Armour's registered ARMOUR Marks in connection with the sale,

offering for sale, and/or advertising of goods or services, is likely to cause confusion, or to

deceive as to the origin of the goods or services, and thus constitutes trademark infringement in

violation of Md. Code Bus. Reg. § 1-414 *et seq.*

61.     Defendant's reproduction and/or colorable imitation of Under Armour's

registered ARMOUR Marks and application of that reproduction and/or colorable imitation to

Defendant's advertising, labels, prints, receptacles, signs, or wrappers that are intended to be

used with goods or services and/or in conjunction with the sale or other distribution of goods or

services in Maryland constitutes trademark infringement in violation of Md. Code Bus. Reg. § 1-

414 *et seq.*

**SIXTH CLAIM FOR RELIEF**
**Trademark Infringement, False Advertising, and Unfair Competition**
**Under Maryland Common Law**

62.     Under Armour repeats and realleges each and every allegation set forth in

Paragraphs 1 through 61 of this Complaint.

63.     Defendant's actions, as described above, are likely to cause confusion, or to cause

mistake, or to deceive as to the affiliation, connection, or association of Defendant with Under

Armour, or as to the origin, sponsorship, or approval of Defendant, its products, and its

commercial activities by or with Under Armour such that Defendant's acts constitute

infringement of Under Armour's proprietary rights in its ARMOUR Marks, misappropriation of

Under Armour's goodwill in those marks, and unfair competition under Maryland common law.

      64.      Defendant's actions, as described above, constitute false and misleading

descriptions and misrepresentations of fact in commerce, which, in commercial advertising and

promotion, materially misrepresent the nature, characteristics, and qualities of Defendant's

products and constitute false and deceptive advertising under Maryland common law.

## JURY DEMAND

      Pursuant to Fed. R. Civ. P. 38, Under Armour respectfully demands a trial by jury on all

issues properly triable by a jury in this action.

## PRAYER FOR RELIEF

      WHEREFORE, Under Armour respectfully requests that this Court enter judgment in its

favor on each and every claim for relief set forth above and award it relief, including but not

limited to the following:

      A.      An Order declaring that Defendant's use of (and applications for) the SALT

ARMOUR and/or DEFENSE ARMOUR marks infringe Under Armour's ARMOUR Marks,

dilute Under Armour's UNDER ARMOUR mark, and constitute unfair competition under

federal and/or state law, as detailed above;

      B.      A permanent injunction enjoining Defendant and its employees, agents, partners,

officers, directors, owners, shareholders, principals, subsidiaries, related companies, affiliates,

distributors, dealers, and all persons in active concert or participation with any of them:

      1.      From using, registering, or seeking to register Defendant's SALT

ARMOUR and/or DEFENSE ARMOUR marks in any form, including but not limited to

in connection with any other wording or designs, and from using any other marks, logos,

designs, designations, or indicators that are confusingly similar to any of Under Armour's ARMOUR Marks and/or dilutive of Under Armour's UNDER ARMOUR mark;

   2.   From representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Under Armour or sponsored by or affiliated with Under Armour in any way;

   3.   From assisting, aiding or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs B(1)-(2);

C.   An Order directing Defendant to destroy all products, packaging, signage, advertisements, promotional materials, stationery, forms, and/or any other materials and things that contain or bear Defendant's SALT ARMOUR and/or DEFENSE ARMOUR marks or any other marks, logos, designs, designations, or indicators that are confusingly similar to any of Under Armour's ARMOUR Marks and/or dilutive of Under Armour's UNDER ARMOUR mark;

D.   An Order directing the Director of the PTO to abandon Application Serial No. 86187021 for the mark SALT ARMOUR and Application Serial No. 86262258 for the mark DEFENSE ARMOUR with prejudice;

E.   An Order directing Defendant (and the relevant registrar) to transfer to Under Armour the saltarmour.com and defensearmour.com domain names and all other domain names Defendant owns or controls that contain any of Under Armour's ARMOUR Marks (including but not limited to any domain names comprised of or containing ARMOUR or ARMOR), any marks confingly similar to any of Under Armour's ARMOUR Marks, and/or any marks dilutive of Under Armour's UNDER ARMOUR mark;

27

F.      An Order requiring Defendant to disseminate pre-approved corrective advertising and send pre-approved letters to all customers, resellers, retailers, agents, partners, and/or representatives to address the likely confusion and dilution caused by use of the SALT ARMOUR and DEFENSE ARMOUR names/marks and the saltarmour.com and defensearmour.com domain names.

G.      An Order directing that, within thirty (30) days after the entry of the injunction, Defendant file with this Court and serve on Under Armour's attorneys a report in writing and under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H.      An Order requiring Defendant to account for and pay to Under Armour any and all profits arising from the foregoing acts, and increasing such profits, in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

I.      An Order requiring Defendant to pay statutory damages under 15 U.S.C. § 1117(d), on election by Under Armour, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the saltarmour.com domain name;

J.      An Order requiring Defendant to pay statutory damages under 15 U.S.C. § 1117(d), on election by Under Armour, in an amount of one hundred thousand dollars ($100,000) for the registration and use of the defensearmour.com domain name;

K.      An Order requiring Defendant to pay Under Armour damages in an amount as yet undetermined caused by the foregoing acts, and trebling such damages in accordance with 15 U.S.C. § 1117 and other applicable laws, including but not limited to Md. Code Bus. Reg. § 1-414 *et seq.*;

28

L.      An Order requiring Defendant to pay Under Armour all of its litigation expenses,

including reasonable attorneys' fees and the costs of this action pursuant to 15 U.S.C. § 1117 and

other applicable laws;

M.      An Order requiring Defendant to pay Under Armour punitive damages for

trademark infringement and unfair competition under Maryland common law; and

N.      Other relief as the Court may deem appropriate.

Dated:  January 12, 2015                           Respectfully submitted,


                                                   */s/ Douglas A. Rettew*
                                                   Douglas A. Rettew (29815)
                                                   Danny M. Awdeh
                                                   (*pro hac vice* in process)
                                                   Anna B. Naydonov
                                                   (*pro hac vice* in process)
                                                   FINNEGAN, HENDERSON,
                                                     FARABOW, GARRETT &
                                                   DUNNER, L.L.P.
                                                   901 New York Avenue, N.W.
                                                   Washington, D.C.  20001-4413
                                                   (202) 408-4000 (phone)
                                                   (202) 408-4400 (fax)
                                                   Email: doug.rettew@finnegan.com
                                                   Email: danny.awdeh@finnegan.com
                                                   Email: anna.naydonov@finnegan.com

                                                   **Attorneys for Plaintiff**
                                                   **Under Armour, Inc.**